## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| SHEILA RENEE BELL, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | |
| | § | CIVIL ACTION  3:15-CV-0209 |
| COUNTY OF GALVESTON, *et al*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Contemporaneously with the filing of this Order, in cause number 3:14-mc-22, the Court granted Plaintiff Sheila Renee Bell's ("Bell") Application to Proceed In Forma Pauperis ("IFP"). However, pursuant to 28 U.S.C. § 1915(e)(2)(B), and for the reasons set forth below, the Court *sua sponte* dismisses Plaintiff's complaint as frivolous. Therefore, it is **ORDERED** that all claims asserted by Plaintiff in the above-styled lawsuit are hereby **DISMISSED WITH PREJUDICE** to their re-filing. It is further **ORDERED** that Plaintiff is not to reassert these claims in any further suit, and that any violation of this Order will result in the imposition of sanctions.

### I.      ANALYSIS

**A.      *In Forma Pauperis***

The ability to proceed IFP is not without limitation. *See Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992) ("a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."). A court must—at any time—dismiss any IFP action that is frivolous, malicious, fails to

state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b); *see also Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831, 104 L. Ed. 2d 338 (1989) ("Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."). A complaint is frivolous where it lacks an arguable basis either in law or in fact. *See Neitzke*, 490 U.S. at 325.

While a document filed *pro se* is to be liberally construed, a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal citations and quotation marks omitted); *see also* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Nevertheless, in an IFP action, the Court has the authority to "'pierce the veil of the complaint's factual allegations' [and the] court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Accordingly, the Court *sua sponte* addresses whether Bell's suit should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**B.      Previous Court Proceedings**

Against the backdrop of Bell's Complaint, the Court notes that this is Plaintiff's **_eighth_** attempt to assert claims against various individual and government entities stemming from a 2001 state court child custody case. A brief synopsis of these proceedings is instructive.

1.      **No. 3:02-cv-0139, Bell,** *et al* **v. Triplett,** *et al.*

In 2002, Sheila and Christopher Bell brought suit under 42 U.S.C. § 1983 alleging

that certain employees of the Texas Department of Protective and Regulatory Services

illegally removed the Bells' five children from their custody.  In that suit, the court held

that all claims against the Defendants in their official capacities were precluded by the

Eleventh Amendment and must be dismissed with prejudice. Dkt. 38, *adopted by* Dkt. 39

(No. 3:02-cv-0139).  The court also ruled that all claims for the custody of their children

must be dismissed for lack of subject matter jurisdiction.  Dkt. 51, *adopted by* Dkt. 54

(No. 3:02-cv-0139).  Addressing the merits of the Bells' complaint, the Court granted

summary judgment in favor of the Defendants on all claims including: (1) violation of

their children's First and Fourteenth Amendment rights because the Bells lost

conservatorship over their children on February 18, 2002 and, therefore, did not have

standing to file suit on the children's behalf in federal court; (2) conspiracy; and

(3) violations of the First and Fourth Amendments and the constitutional right to family

integrity because the Defendants were entitled to qualified immunity.  *Id.*  Finding no

federal claims remaining, the court declined to retain jurisdiction over the remaining state

law claims. *Id.*

2.      **No. 3:04-cv-0288, Bell,** *et al* **v. Triplett,** *et al.*

In 2004, the Bells filed suit in federal court alleging nearly identical claims as to

those brought in 3:02-cv-0139.   Several new defendants were added as parties, as were

allegations concerning the violation of unspecified rights of the Bell children.  Finding

that the court had already ruled on the claims in 2002 and that there was no legal basis for

3

any of the additional claims, the court denied the Bells' application to proceed IFP. Dkt. 8 (No. 3:04-cv-0288). The action was ultimately dismissed for want of prosecution for the failure to pay the required filing fee. Dkt. 14 (No. 3:04-cv-0288).

**3.    No. 3:05-cv-0116, Bell, *et al* v. Triplett, *et al*.**

In 2005, the Bells filed a 240-page complaint reasserting most of the claims alleged in their prior suits. Also included in the Bells' 2005 complaint were allegations of fraud regarding the illegal billing practices of state agencies, as well as extraneous allegations against HRH Insurance Company for the denial of an insurance claim and against Mr. Rooter for the failure to repair damages to the Bells' home. Dkt. 1 (No. 3:05-cv-0116). In denying the Bells' application to proceed IFP, the court ruled that the Bells: (1) have no standing to bring claims on behalf of their children; (2) could have brought any of their allegations of civil rights violations in earlier filings (but would be dismissed on the basis of qualified immunity); (3) could have asserted all their state-law claims of fraud in earlier filings (but would be dismissed for lack of jurisdiction); and (4) appear to lack any standing to bring claims under the False Claims Act ("FCA"). Dkt. 8 (No. 3:05-cv-0116). However, the Bells later paid the required filing fee and the action proceeded.

Addressing the merits of the Bells' claims, the court: (1) dismissed with prejudice all § 1983 claims stemming from events that transpired in 2001 because they are barred by the applicable statute of limitations; (2) dismissed without prejudice all FCA claims for the failure to follow the procedural standards outlined by the statute; and (3) declined to retain jurisdiction over the remaining state law claims. Dkt. 26, *adopted by* Dkt. 28 (No. 3:05-cv-0116). The Court notes that the Bells were ordered to "not reassert these

4

claims in any further suit, and any violation of this Order by filing such allegations in this Court may result in sanctions." Dkt. 28 (No. 3:05-cv-0116).

**4.      No. 3:06-cv-0683, Bell, *et al* v. Office of the Att'y Gen., *et al*.**

In 2006, the Bells filed suit against only two parties—the Texas Attorney General's Office and Joyce Washington, Sheila Bell's mother who, at the time, had custody of the Bell children. The Bells complaint also included allegations against several unnamed parties, such as the Galveston District Attorney's Office, Child Protective Services ("CPS"), and the University of Texas Medical Branch ("UTMB"). In denying the Bells' application to proceed IFP, the court ruled that: (1) claims against the Texas Attorney General's Office are barred by the Eleventh Amendment; (2) the Bells appear to lack standing to bring claims under the False Claims Act; and (3) the court lacks subject matter jurisdiction to modify or overturn state court custody orders. Dkt. 9 (No. 3:06-cv-0683). The action was ultimately dismissed for the failure to pay the required filing fee. Dkt. 11 (No. 3:06-cv-0683).

**5.      No. 3:07-cv-0440, Bell v. Edmondson, *et al*.**

In 2007, Sheila Bell filed suit against her former court-appointed attorneys and her mother, Joyce Washington. Bell alleges that the former attorneys' representation of her during the 2001-2003 state child custody matter was both inadequate and incompetent, and violated her constitutional rights. Bell also alleged violations of the FCA and of the terms of the state custody order against Washington. In denying Bell's application to proceed IFP, the court ruled that all of Bell's § 1983 claims against her former attorneys were barred by the applicable statute of limitations and, furthermore, that her complaint

lacked allegations to establish that the named defendants were state actors. Dkt. 3, *adopted by* Dkt. 5 (No. 3:07-cv-0440). The court also dismissed all of Bell's FCA claims for the failure to follow procedural standards, and found that the court lacked subject matter jurisdiction to adjudicate any violations of state custody orders. *Id.* The action was ultimately dismissed for the failure to pay the required filing fee. Dkt. 6 (No. 3:07-cv-0440).

### 6.   No. 3:09-mc-0012, Bell, *et al* v. Tex. Dep't of Protective & Regulatory Services, *et al.*

In 2009, the Bells filed suit against a litany of defendants "in their 'Official' and 'individual capacities' on behalf of myself, our family [] and the Federal Government for **$106 Billion Dollars** under the Civil Rights Act of 1964, The 1st & 14th Amendments of the U.S. Constitution, 42 U.S.C. §§ 671(a)(15) and 672(a)(1); under 3729/3730 Civil Actions, & The False Claims Act for: 'violating' our Civil Rights, Discrimination, Filing False Claims with intent to 'Defraud' the Federal Government; Child Abuse, 'Failure to Protect' our children; 'Failure to Protect' our Custodial Rights, 'Official Oppression,' Biological Discrimination and Crimes Against Humanity, *systematically* enslaving Parents/Children." Dkt. 1-1 (No. 3:09-mc-0012) (emphasis in original).

The allegations contained in the Bells' 2009 complaint largely mirrored those of their previous federal court filings and primarily dealt with the events and aftermath of their 2001 state court child custody suit. *Id.* In denying the Bells' application to proceed IFP, the court ruled that the suit was barred by *res judicata* and collateral estoppel, and dismissed the action for lack of subject matter jurisdiction. Dkt. 8 (No. 3:09-mc-0012).

7.    **No. 3:13-cv-0104, Bell, *et al* v. Children's Protective Services, *et al*.**

In 2011, the Bells filed an application to proceed IFP, again bringing allegations relating to the 2001 state court child custody determination. Dkt. 1 (No. 3:11-mc-0014). Although the court initially denied the application, upon appeal, the Fifth Circuit held that "[w]hether a party may proceed IFP in the district court is based solely upon economic criteria." *Bell v. Children's Protective Services*, 506 Fed. App'x 327, at *1 (5th Cir. 2013). Accordingly, the Bells' application to proceed IFP was granted, and the action was re-filed under cause number 3:13-cv-0104.

Addressing the merits of the Bells' complaint, the court dismissed all claims: (1) seeking monetary damages against the Texas Office of the Attorney General and Texas Department of Child Protective Services as barred by the Eleventh Amendment; (2) under the Whistleblower Protection Act (WPA), 5 U.S.C. §2023(b), because the Bells were not federal employees and jurisdiction was lacking; and (3) brought under § 1983 that stemmed from events transpiring in 2001 because they are barred by the applicable statute of limitations. Dkt. 4, *adopted by* Dkt. 7 (No. 3:13-cv-0104). The court declined to retain jurisdiction over the remaining state law claims. *Id.* Upon appeal, the Fifth Circuit affirmed the judgment of the district court and the Supreme Court denied certiorari. Dkts. 14 and 17 (No. 3:13-cv-0104).

## C.     Plaintiff's Current Complaint

In Bell's 2014 Complaint, she states that she is suing the various Defendants for:

1) Custody and/or return of 'all-six' of my children 'RETROACTIVELY' since 20012 [sic] – "Lennon, Jourdan, Christopher, Christian, Anna Stasia & Alijah Blue; 2) reinstatement of my Right to 'Vote;' $106,000,000 (Billion); 3) Custody ORDERS for all of my Children since 2001; 4) Complete 'DISMISSAL' of all State Orders since 2001; 5) All previous, current & future 'child-support' ORDERS/demands regarding my children to be REVOKED & OVERTURNED; 6) Reinstatement of 'all' my 'License(s); 7) Removal of all previous CPS Cases/files regarding our entire family; 8) all back child-support *reimbursed*; 9) all back tax-refunds kept/withheld by the IRS reimbursed; 10) all child support fee's reimbursed; and all 'liens due to child support 'removed.'

Pl.'s Compl. at 2-3.  For the reasons set forth below, the Court finds that all of Plaintiff's claims must be dismissed because of the doctrines of *res judicata*, collateral estoppel, and for lack of subject matter jurisdiction.

## D.     *Res Judicata* and Collateral Estoppel

Claim preclusion, or *res judicata,* is the "venerable legal canon that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *Proctor & Gamble Co.* v. *Amway Corp.,* 376 F.3d 496, 499 (5th Cir. 2004).  *Res judicata* applies where "(1) the parties to both actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." *Ellis* v. *Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000).  If these factors are satisfied, then the new claim is barred.

"Collateral estoppel, like the related doctrine of *res judicata*, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same

8

party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 649, 58 L. Ed. 2d 552 (1979). Collateral estoppel applies where "(1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 391 (5th Cir. 1998).

Here, the Court finds that Bell has had a fair opportunity to make her case and has received several final judgments resolving her claims. The Court notes that twenty-two of the thirty current Defendants have received favorable final judgments. If Bell disagreed with the judgments disposing of her claims, "the proper remedy for an allegedly erroneous judgment is direct appeal to the proper court, not an attempt to avoid the *res judicata* effect of that judgment in another suit against the same party for the same cause of action." *Proctor & Gamble Co.*, 376 F.3d at 499. Likewise, because the current suit relates to events surrounding her 2001 state court child custody suit, Bell has had ample opportunity to include any party necessary for the resolution of her claims. Accordingly, the Court finds that any of Bell's claims directed toward the events surrounding the custody of her children are barred by the doctrines of *res judicata* and collateral estoppel and must be dismissed.

**E.    Subject Matter Jurisdiction**

After carefully reviewing Plaintiff's complaint, the Court finds that the only allegations that are unique to her current suit are claims seeking reinstatement of Bell's

"Right to 'Vote'" and reinstatement of "'all' my License(s)." Pl.'s Compl. at 2-3. Bell asserts that she is unable to vote because she "was notified by the Office of the Attorney General [that]: '…the Child Support Division has informed each licensing authority . . . to deny renewal of any and all of the licenses it has issued to Sheila Bell…'" *Id.* at 3 (emphasis omitted). Specifically, Bell claims that the State of Texas is "*falsely* claiming I owe $43,829.02 in child-support," and therefore refuses to issue her a driver's license, thereby denying her the right to vote. *Id.* at 3-4 (emphasis in original).

Under Texas law, any person who owes overdue child support is subject to the suspension of all licenses issued by the state. *See* TEX. FAM. CODE, Chapter 232, *et seq.* Although these decisions are subject to review, such actions are only proper—after the exhaustion of administrative remedies—in Texas state court. *Id.*; *see also* TEX. GOV'T CODE, Chapter 2001, *et seq.* Accordingly, the Court finds that it lacks the subject matter jurisdiction to adjudicate the suspension of Bell's license—or any other state agency action—and that these claims must, therefore, be dismissed.

## II.    SANCTIONS

A citizen's right to petition courts for assistance in resolving legal disputes is a fundamental and basic right in our society. *See, e.g., Borough of Duryea, Pa. v. Guarnieri*, 131 S. Ct. 2488, 2494, 180 L. Ed. 2d 408 (2011) ("[T]he right of access to courts for redress of wrongs is an aspect of the First Amendment right to petition the government."); *Tennessee v. Lane*, 541 U.S. 509, 523, 124 S. Ct. 1978, 1988, 158 L. Ed. 2d 820 (2004) (Due Process Clause "requires the States to afford certain civil litigants a 'meaningful opportunity to be heard' by removing obstacles to their full participation in

judicial proceedings."). These principles are inviolable and remain foremost in this Court's analysis.

However, when parties begin abusing the opportunities afforded by our legal system, valuable time and resources are deflected from cases in need of attention. "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. *Pro se* petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions." *In re Whitaker*, 513 U.S. 1, 3, 115 S. Ct. 2, 3, 130 L. Ed. 2d 1 (1994) (quoting *In re Sindram*, 498 U.S. 177, 179-80, 111 S. Ct. 596, 597, 112 L. Ed. 2d 599 (1991)). While the legal system serves many functions, it is not a vehicle for harassing actions at the expense of others.

When such conduct does occur, federal courts have an inherent power to "sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets." *Scaife v. Associated Air Ctr., Inc.*, 100 F.3d 406, 411 (5th Cir. 1996); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, 111 S. Ct. 2123, 2132-33, 115 L. Ed. 2d 27 (1991) ("A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."). This power includes imposing sanctions against vexatious litigants—even those appearing *pro se*—for raising a patently frivolous legal argument or continuing to engage in meritless litigation. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (*pro se* party "has no license to

11

harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.").

However, the threshold for exercising this inherent power is high—sanctions must be "tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson*, 808 F.2d at 360. In other words, sanctions are warranted only when the party is acting in bad faith. *See Terra Partners v. Rabo Agrifinance, Inc.*, 504 Fed. App'x. 288, 290 (5th Cir. 2012) ("Raising a patently frivolous legal argument and threatening continued meritless litigation is the definition of bad faith").

Here, Bell has filed numerous lawsuits repeatedly asserting claims that she *should know* have already been resolved against her by both federal and state courts. Furthermore, Bell has been previously warned "not [to] reassert these claims in any further suit, and any violation of this Order . . . may result in sanctions." Dkt. 28 (No. 3:05-cv-0116). Nevertheless, the Court declines to impose sanctions against Bell at this time. The Court gives Bell the benefit of doubt that she has brought these numerous claims in good faith and not for purposes of harassment or to waste judicial resources. The presumption of good faith ends with this lawsuit. Bell should not be encouraged by this Court's decision not to sanction her for filing the present action. Any future lawsuits filed on the very same subject matter of this case will result in serious sanctions being imposed against her.

## III. CONCLUSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court *sua sponte* conducted a review of Plaintiff's pleadings and determined that Bell's Complaint should be dismissed as frivolous. The Court finds that the claims at issue are barred by the doctrines of *res judicata* and collateral estoppel. To the extent that Plaintiff's claims are not barred by these doctrines, the Court finds that it lacks the subject matter jurisdiction to adjudicate them. The Court also finds that Plaintiff has been previously warned not to reassert the claims currently pending before the Court. Plaintiff will be designated as a vexatious litigant and sanctioned if she chooses to do so again. Accordingly, for the above-stated reasons, it is **ORDERED** that all claims asserted by Plaintiff in the above-styled lawsuit are hereby **DISMISSED WITH PREJUDICE** to their re-filing.

SIGNED, at Galveston, Texas _August 7_, 2015.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE